ORIGINAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 27 2012

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

Michele Renee Galloway,

    *Plaintiff*,

    v.

Exploring.com d/b/a Brumark;
David Walens; Donna Walens;
and Vivek Ruparel,

    *Defendants*.

Civil Action File No.

**1:12-CV-1041 SCJ**

## COMPLAINT

Plaintiff, by her attorney, files this Complaint seeking damages against Defendants for back unpaid overtime, liquidated damages, pre-judgment interest, front pay, retaliation, emotional distress, reasonable attorneys' fees and costs, and other wrongful conduct more fully described below, and alleges as follows:

### Parties, Jurisdiction and Venue

1.

Plaintiff Michele Renee Galloway is a resident of Georgia who resides at 6640 Akers Mill Road #5118, Atlanta, Georgia 30339.

MOORE INGRAM
JOHNSON & STEELE
A Limited Liability Partnership
Emerson Overlook
326 Roswell Street
Marietta, GA 30060
(770) 429-1499
FAX (770) 429-8631

1

2.

Defendant Exploring.com d/b/a Brumark ("Brumark") is a Georgia corporation with its principal place of business at 3655 Atlanta Industrial Drive, Building 100, Atlanta, Georgia 30331. This court has personal jurisdiction over the Defendant because Brumark's principal place of business is located in the Northern District of Georgia. Brumark may be served by serving its registered agent, Steven C. Rosen, 750 Hammand Drive, Building 7, Suite 200, Atlanta, Georgia 30328 in Fulton County, Georgia.

3.

Defendant David Walens is a resident of Georgia who resides at 1702 Pennington Court, Marietta, Georgia 30062. He is subject to the jurisdiction and venue of this Court.

4.

Defendant Donna Walens is a resident of Georgia who resides at 1702 Pennington Court, Marietta, Georgia 30062. She is subject to the jurisdiction of this Court.

5.

Defendant Vivek Ruparel, upon information and belief, is a citizen of India, but has a valid work visa in the United States. Vivek Ruparel is a

MOORE INGRAM
JOHNSON & STEELE
A Limited Liability Partnership
Emerson Overlook
326 Roswell Street
Marietta, GA 30060
(770) 429-1499
FAX (770) 429-8631

resident of Cobb County, GA and may be served at either 3655 Atlanta Industrial Drive, Building 100, Atlanta, Georgia, 30331, or at his residence, 4695 Church Lane #13308, Smyrna, GA 30080. He is subject to the jurisdiction and venue of this Court for his involvement in violations of the Fair Labor Standards Act, 29 U.S.C. § 1367 et seq.

6.

Subject matter jurisdiction in this court is proper pursuant to 28 U.S.C. § 1331, because federal question jurisdiction exists over Plaintiff's claims arising under the federal Fair Labor Standards Act, 29 U.S.C. § 1367, because Plaintiff's state law claims form part of the same case or controversy under Article III of the United States Constitution.

7.

Venue in this court is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants are subject to personal jurisdiction in the Northern District of Georgia; and Defendants are deemed to reside in the Northern District of Georgia pursuant to 28 U.S.C. § 1391 (b) and (c).

MOORE INGRAM
JOHNSON & STEELE
A Limited Liability Partnership
Emerson Overlook
326 Roswell Street
Marietta, GA 30060
(770) 429-1499
FAX (770) 429-8631

## Factual Background

8.

Plaintiff was hired by Defendant Brumark in December 2009 at a salary of approximately $35,000 per year in the position of Customer Service/Project Manager.

9.

During the first few months of Plaintiff's employment with Defendant Brumark, she worked fairly regular hours of approximately 40 hours per week. This period lasted from her hire date in December 2009 until late March of 2010.

10.

Commencing in late March 2010, Plaintiff was forced to work in excess of 50 hours per week from late March 2010 through and including February 29, 2012, with the exception of approximately 20 weeks during this time period when she worked only between 40-45 hours per week.

11.

Throughout this time period, Plaintiff would regularly arrive at work no later than 8:00 a.m. to 8:15 a.m., would be forced to work through lunch without taking a lunch break due to the volume of work, and would work

MOORE INGRAM
JOHNSON & STEELE
A Limited Liability Partnership
Emerson Overlook
326 Roswell Street
Marietta, GA 30060
(770) 429-1499
FAX (770) 429-8631

regularly until 6:30 p.m. to 7:00 p.m. five days per week. All of this work was done with the knowledge and consent of Defendants.

12.

Throughout this time, despite the fact that Plaintiff was working an average of 12.5 hours or more of overtime virtually every week, Defendant Brumark failed to pay any overtime wages as required by the Fair Labor Standards Act, 29 U.S.C. § 215.

13.

On numerous occasions prior to May 2011, Plaintiff raised the issue of overtime pay and requirements of the Fair Labor Standards Act for overtime pay with her supervisors at Brumark.

14.

Despite these repeated inquiries, Brumark ignored Plaintiff, and never responded, other than to state that they were looking into it.

15.

On or about May 19, 2011, Plaintiff wrote to Brumark's Human Resource Manager, Sandy Bates, and again raised the issue of overtime and Brumark's failure to pay same. (See Exhibit "A").

MOORE INGRAM
JOHNSON & STEELE
A Limited Liability Partnership
Emerson Overlook
326 Roswell Street
Marietta, GA 30060
(770) 429-1499
FAX (770) 429-8631

5

16.

The only response Plaintiff received from Brumark was that the Human Resource Manager was looking to this. (See Exhibit "B").

17.

Not having received an answer, Plaintiff again wrote to the Human Resource Manager at Brumark on July 18, 2011, checking in to see what progress Brumark had made in dealing with Plaintiff's overtime concerns. Brumark replied simply by stating that they hoped to have this issue "resolved" in the next couple of weeks. (See Exhibit "C").

18.

Still not having an answer to her questions concerning overtime, Plaintiff wrote to David Walens, Chief Executive Officer and Chief Financial Officer of Defendant Brumark, and again raised the issue of overtime. The only response she received from Mr. Walens was "I am reviewing it and will definitely get back with you." (See Exhibit "D").

19.

Despite the fact that Brumark stated that they were "reviewing it, and will definitely get back with [Plaintiff]," Brumark did no such thing.

MOORE INGRAM
JOHNSON & STEELE
A Limited Liability Partnership
Emerson Overlook
326 Roswell Street
Marietta, GA 30060
(770) 429-1499
FAX (770) 429-8631

20.

Subsequently, in February 2012, Brumark announced that all of the persons employed in Plaintiff's position (Customer Service/Project Manager) would be switched to an hourly rate effective the second pay period of February 2012, and would be receiving overtime for any hours over 40 hours per week at the rate of 1.5 times their hourly rate. Despite this promise, no overtime was paid for the last half of February 2012.

21.

Additionally, the notification regarding overtime was followed up with insistence that all employees in Plaintiff's position be required to take a lunch break and obtain approval prior to working more than 8 hours in a day. Notably, prior to February 2012, Defendants were well aware of the fact that Plaintiff was not taking lunch hours and was working well in excess of 8 hours per day, yet did nothing to prevent her from doing so—indeed, Defendants knowingly allowed Plaintiff to work such hours.

22.

On March 2, 2012, Plaintiff, through counsel, notified Defendants of her intent to file a lawsuit under the Fair Labor Standards Act if Defendants did not pay her back pay, plus an equal amount for liquidated damages, and a small sum of reasonable attorneys' fees within ten (10) days of said letter

MOORE INGRAM
JOHNSON & STEELE
A Limited Liability Partnership
Emerson Overlook
326 Roswell Street
Marietta, GA 30060
(770) 429-1499
FAX (770) 429-8631

(see partially redacted letter of March 2, 2012, attached hereto as Exhibit "E").

23.

On Tuesday, March 6, 2012, an attorney representing Exploring.com d/b/a Brumark communicated with counsel for Plaintiff regarding Plaintiff's claims for unpaid overtime. In response to this, counsel for Plaintiff again instructed Defendants, through their attorney, not to discuss the FLSA matter with Plaintiff (see Exhibit "F").

24.

Despite the warnings to Defendants about retaliation, Plaintiff was treated in a hostile manner by Vivek Ruperel on Tuesday, March 6, 2012. Counsel for Plaintiff contacted counsel for Defendants, and instructed him to make sure that this behavior stopped.

25.

However, the hostile treatment towards Plaintiff continued until its culmination on Friday, March 9, 2012, when Donna Walens, wife of David Walens and CEO of ABCOM, Inc. (a sister company of Defendant Exploring.com d/b/a Brumark, which shares the same office space/warehouse space with Exploring.com d/ba/ Brumark), went on what can only be described as an uncontrolled tirade wherein she screamed at

MOORE INGRAM
JOHNSON & STEELE
A Limited Liability Partnership
Emerson Overlook
326 Roswell Street
Marietta, GA 30060
(770) 429-1499
FAX (770) 429-8631

Plaintiff using vituperative language and specifically made mention of Plaintiff's FLSA claims by stating something to the effect of "why don't you have your husband write another email about your unpaid overtime." At this time, Plaintiff called undersigned counsel, who heard the screaming in the background, and Plaintiff inquired whether or not she had to tolerate such behavior. Because this behavior amounted to a constructive discharge by Donna Walens, who qualifies as an employer pursuant to 29 U.S.C. § 203(d), Plaintiff felt she had no choice but to leave the premises, having been constructively discharged from her employment.

26.

Immediately after this, counsel for Plaintiff sent an e-mail to counsel for Defendants, informing counsel for Defendants of this tirade (see Exhibit "G"). Rather than receiving a response from counsel for Defendants regarding this issue, counsel for Plaintiff received a notice of representation by another attorney at a another law firm on March 12, 2012 (see Exhibit "H"). Former counsel for Defendants confirmed that he was no longer representing Defendants (see Exhibit "I").

MOORE INGRAM
JOHNSON & STEELE
A Limited Liability Partnership
Emerson Overlook
326 Roswell Street
Marietta, GA 30060
(770) 429-1499
FAX (770) 429-8631

9

## COUNT I.
**(Failure to Pay Overtime in Violation of Fair Labor Standards Act)**

27.

Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 6 hereof as if fully set forth in length herein.

28.

Defendant David Walens qualifies as an employer under the Fair Labor Standards Act pursuant to 20 U.S.C. § 203(d).

29.

Defendant Vivek Ruparel qualifies as an employer under the Fair Labor Standards Act pursuant to 20 U.S.C. § 203(d).

30.

From the time that Plaintiff regularly worked overtime from late March 2010 through and including the present, Defendant has failed to pay Plaintiff any amount of monies as overtime pay, despite the fact that Plaintiff routinely worked many hours in excess of 40 hours per week.

31.

From late March 2010 through and including the present, Galloway routinely worked in excess of 40 hours per week. Galloway was never compensated for these overtime hours, in violation of 29 U.S.C. § 215.

MOORE INGRAM
JOHNSON & STEELE
A Limited Liability Partnership
Emerson Overlook
326 Roswell Street
Marietta, GA 30060
(770) 429-1499
FAX (770) 429-8631

Galloway worked at least approximately 925 hours of overtime between March 2010 and the present, and continued to work overtime hours as required by the job up until March 9, 2012.

32.

Galloway does not meet any of the tests for exempt employees, and thus is not an exempt employee under the Fair Labor Standards Act because she is not an executive employee, not an administrative employee, not a professional employee, not a white-collar employee, nor is she an outside sales person. Accordingly, Galloway is entitled to payment in the amount of 1.5 times her regular hourly rate for each overtime hour worked.

33.

Defendant's failure to pay overtime compensation to Galloway was willful as defined by 29 U.S.C. § 255.

34.

As a result of Defendant's failure to pay overtime compensation to Galloway, Galloway is entitled to recover unpaid overtime wages in excess of $23,000, an equal amount in liquidated damages, attorneys' fees, and costs.

MOORE INGRAM
JOHNSON & STEELE
A Limited Liability Partnership
Emerson Overlook
326 Roswell Street
Marietta, GA 30060
(770) 429-1499
FAX (770) 429-8631

## COUNT II.
### (Retaliation in Violation of the Fair Labor Standards Act)

35.

Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 34 hereof as if fully set forth herein.

36.

Defendant David Walens qualifies as an employer under the Fair Labor Standards Act pursuant to 20 U.S.C. § 203(d).

37.

Defendant Vivek Ruparel qualifies as an employer under the Fair Labor Standards Act pursuant to 20 U.S.C. § 203(d).

38.

Defendant Donna Walens qualifies as an employer under the Fair Labor Standards Act pursuant to 20 U.S.C. § 203(d).

39.

Defendants' actions from March 6, 2012 forward constitute retaliation in violation of 29 U.S.C. § 215(a)(3). Defendants' actions on March 9, 2012 constitute retaliation and constructive termination.

40.

Plaintiff is thus entitled to front pay, damages for intentional infliction of emotional distress, as well as reasonable attorneys' fees and costs.

MOORE INGRAM
JOHNSON & STEELE
A Limited Liability Partnership
Emerson Overlook
326 Roswell Street
Marietta, GA 30060
(770) 429-1499
FAX (770) 429-8631

## COUNT III.
### (Intentional Infliction of Emotional Distress)

41.

Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 40 hereof as if fully set forth at length herein.

42.

The conduct of Donna Walens on March 9, 2012 was done in her capacity as Plaintiff's employer as defined by 29 U.S.C. § 203(d). The other Defendants in this case are likewise liable for approving and/or ratifying said conduct.

43.

Defendant Donna Walens conduct in this regard was intentional.

44.

Defendant Donna Walens conduct in this regard was reckless.

45.

Defendant Donna Walens conduct was extreme and outrageous.

46.

Defendant Donna Walens' extreme and outrageous conduct caused Plaintiff severe emotional distress. Accordingly, Plaintiff is entitled to

MOORE INGRAM
JOHNSON & STEELE
A Limited Liability Partnership
Emerson Overlook
326 Roswell Street
Marietta, GA 30060
(770) 429-1499
FAX (770) 429-8631

recover from Defendants a sum determined by the enlightened conscience of a jury.

WHEREFORE, Plaintiff respectfully requests that judgment be made and entered in her favor and against Defendants, and requests the following:

a. An award of overtime payments equal to 1.5 times Plaintiff's regular hourly rate for hours worked in excess of 40 per week;

b. An award of liquidated damages equal to Plaintiff's overtime award;

c. An award of front pay/back pay accrued from the date of Plaintiff's constructive termination until the time of trial;

d. An award of liquidated damages equal to Plaintiff's front pay/back pay award;

e. An award of attorneys fees and costs as provided under the Fair Labor Standards Act;

f. An award of prejudgment interest;

g. A trial by jury on all jury issues; and

h. Such other and further relief as this Court may deem just and proper.

**[Signature Page to Follow]**

MOORE INGRAM
JOHNSON & STEELE
A Limited Liability Partnership
Emerson Overlook
326 Roswell Street
Marietta, GA 30060
(770) 429-1499
FAX (770) 429-8631

Respectfully submitted this 27th day of March, 2012.

**MOORE INGRAM JOHNSON & STEELE, LLP**

Alexander T. Galloway III
Georgia Bar No. 283051
Jeffrey A. Daxe
Georgia Bar No. 213701

*Attorney for Plaintiffs*

Emerson Overlook
326 Roswell Street
Marietta, GA 30060
(770) 429-1499

MOORE INGRAM
JOHNSON & STEELE
A Limited Liability Partnership
Emerson Overlook
326 Roswell Street
Marietta, GA 30060
(770) 429-1499
FAX (770) 429-8631

15